UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Carolyn Tracz,** on behalf of herself and all other persons similarly situated, known and unknown,<br><br>                      Plaintiffs,<br><br>vs.<br><br>**Happy Cooker Restaurant, LLC.,** an Ohio limited liability company, **Todd Fetter and Audra Fetter**, a married couple.<br><br>                      Defendant. | No.<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT** |

Plaintiff, Carolyn Tracz ("Plaintiff"), on behalf of herself and all other persons similarly situated who are current or former servers of Defendants ("Collective Members") and by and through the undersigned attorney(s), sue the Defendants, Happy Cooker Restaurant, LLC ("Defendant Happy Cooker Restaurant") and Todd Fetter ("Defendant Todd Fetter") and Audra Fetter ("Defendant Audra Fetter") (collectively "Defendants") and alleges as follows:

## PRELIMINARY STATEMENT

1.     This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for Defendants' failure to pay Plaintiff and other similarly-situated employees all earned minimum wages.

2.     This lawsuit also arises under Ohio Revised Code Ann. § 4111.01 for Defendants' failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

1

3. Plaintiff brings this action on behalf of herself and all similarly-situated current and former servers of Defendants who were compensated at a rate of less than the applicable Ohio and federal minimum wage on account of receiving tips in a given workweek.

4. Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

5. Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendants for its unlawful failure to pay minimum wage and overtime due and owing Plaintiff and others similarly-situated in violation of Ohio Revised Code § 4111.01.

6. Plaintiff brings a collective action under the FLSA to recover the unpaid minimum wages and overtime owed to them individually and on behalf of all other similarly-situated servers, current and former, of Defendants. Members of the Collective Action are referred to as the "Collective Members."

7. Additionally, Defendants' failure to compensate Plaintiff and all other non-exempt servers and/or bartenders at a rate equal to Ohio's required minimum wage violates Ohio Revised Code § 4111.01. Plaintiff, therefore, brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages and other damages owed under Ohio wage laws. Members of the Rule 23 Class Action are referred to as the "Class Action Members."

8. The Collective Members are all current and former servers and bartenders who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

9.     The Class Action Members are all current and former servers and/or bartenders who were employed by Defendants in Ohio at any time starting three years before this Complaint was filed, up to the present

10.     Defendants own and operate a chain of Buffalo Wings & Rings restaurants which are the subject of this lawsuit.

11.     Defendants have a policy or practice of paying its employee servers and bartenders sub-minimum hourly wages under the tip-credit provisions of the FLSA.

12.     Under the tip-credit provisions of the FLSA, an employer of tipped employees may, under certain circumstances, pay those employees less than the minimum hourly wage and take a "tip credit" against its minimum wage obligations.  But an employer is *not* permitted to take a tip credit against its minimum wage obligations when it (1) requires its tipped employees to perform non-tipped work that is ***unrelated*** to the employees' tipped occupation (i.e., "dual jobs"); **or** (2) when the employer requires its tipped employees to perform non-tipped that is ***related*** to the employees' tipped occupation such as cleaning and setting tables, toasting bread, making coffee and washing dishes or glasses more than "part of the time" or "occasionally". 29 C.F.R. §531.56(e) ("Dual Jobs" regulation); *Osman v. Grube*, Case No. 16-cv-802, (N.D. Ohio, July 7, 2017) (Helmick, J). citing favorably to *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time"); *O'Neal v. Denn-Ohio, LLC*, 2020 WL 210801, at *10 (N.D. Ohio Jauary 14, 2020).

13.     Moreover, Courts have uniformly held that Ohio's wage and hour law should be interpreted in accordance with the FLSA. (*See Douglas v. Argo-Tech Corp.*, 113 F.3d 67 n. 2 (6th Cir.1997) (noting that Ohio's wage and hour law "parallels the FLSA" and

3

approaching the Ohio law and the FLSA in a "unitary fashion" is appropriate). *See also Williams v. Bob Evans Rests., LLC,* Case No. 2:18-cv-01353, 2020 U.S. Dist. LEXIS 145852 *37-48 (W.D. Pa. Aug. 13, 2020) (holding that Ohio law recognizes the same tip credit restrictions as does the FLSA.).

14.     Defendants violated the FLSA and Ohio law by enforcing a policy or practice of paying Plaintiff, the Collective Members and the Class Action Members sub-minimum, tip-credit wages even when it required those employees to perform non-tipped work that is ***unrelated*** to their tipped occupation (i.e., "dual jobs").

15.     Defendants violated the FLSA and Ohio law by enforcing a policy and practice of paying Plaintiff, the Collective Members and the Class Action Members sub-minimum, tip-credit wages while requiring those employees to perform work that does not provide service to customers for which tipped employees receive tips and does not directly support tip-producing work.

16.     Defendants violated the FLSA and Ohio law by enforcing a policy or practice of requiring servers and bartenders to perform non-tipped work that, even if it was ***related*** to their tipped occupation, was performed more than occasionally or part of the time. Instead, Defendants require such ***related*** non-tipped labor to be performed for unreasonable amounts of time that are not contemporaneous to direct customer service duties and for amounts of time that exceed 20 percent of Plaintiff's, the Collective Members' and the Class Action Members' time worked in one or more individual workweeks.

17.     Defendants violated the FLSA and Ohio law by enforcing a policy or practice of requiring servers and bartenders to perform non-tipped work that, while directly supporting tip-producing work, exceeded 20 percent of Plaintiff's, the Collective Members' and the Class Action Members' time in any given workweek.

18.     The FLSA and Ohio law require that employers pay non-exempt employees one and one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.  An employer of tipped employees who imposes a tip credit upon the wages of those tipped employees must pay, at minimum, one and one-half times the full, applicable minimum wage, less the available tip credit, to those employees for all time they spend working in excess of 40 hours in a given workweek.

19.     The FLSA and Ohio law specifically prohibit an employer from calculating a tipped employee's overtime rate at one and one-half times that employee's sub-minimum-wage hourly rate of pay.  29 C.F.R. § 531.60.  *See also Inclan v. New York Hospitality Group, Inc.*, 95 F.Supp.3d 490, 498-99 (S.D.N.Y. March 26, 2015).

20.     Ohio Revised Code Ann. § 4111.03 requires that employers pay non-exempt employees one and one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.  An employer of tipped employees who imposes a tip credit upon the wages of those tipped employees must pay, at minimum, one and one-half times the full, applicable minimum wage, less the available tip credit, to those employees for all time they spend working in excess of 40 hours in a given workweek.

21.     For example, the Ohio minimum wage in 2022 is $9.30.  If an employer of tipped employees has satisfied its tip credit obligations, it may impose a tip credit on that minimum wage rate of up $4.65 per hour, for a total minimum hourly rate of $4.65.

22.     In order for an employer of tipped employees to calculate the proper overtime rate, such employer must multiply $9.30 by one and one-half, for a total minimum overtime wage of $13.95.  If that employer has satisfied its tip credit obligations, it may impose a tip credit on that overtime rate of up $4.65 per hour, for a total minimum overtime hourly rate of $9.30.

23.     If an employer were to instead calculate its tipped employees' overtime rate by multiplying the tip credit rate of pay of $4.65 by one and one-half times, for a total rate of $6.98, such a calculation would be improper, and would have the effects of: (1) increasing the tip credit imposed by the employer beyond the permissible $4.65 to $6.97 hourly, and (2) imposing two separate and distinct tip credits upon the tipped employees.

24.     Defendants imposed a tip credit upon all of their tipped employees, including Plaintiff, the Collective Members and the Class Action Members.

25.     Defendants subjected Plaintiff, the Collective Members and the Class Action Members to its policy of calculating its tipped employees' overtime rate by multiplying the applicable tip credit rate of pay by one and one-half times, rather than multiplying the full applicable minimum wage by one and one-half and then subtracting the available tip credit.

26.     Therefore, Defendants subjected Plaintiff, the Collective Members and the Class Action Members to its policy of not paying one and one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.  Such a practice resulted in Defendants imposing a tip credit upon Plaintiffs, the Collective Members and the Class Action Members that exceeded the permissible tip credit under Ohio law and the FLSA.

27.     Defendants subjected Plaintiff, the Collective Members and the Class Action Members to its policy and practice of making deductions from their paychecks and/or tips or other sources of remuneration for customer walkouts, improperly ringing up alcohol, and cash register shortages.

28.     This policy and practice of making such deductions brought Plaintiff, the Collective Members', and the Class Action Members' wages below the applicable statutory minimum, in violation of the FSLA and Ohio law.

## JURISDICTION AND VENUE

29. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

30. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

31. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff, the Collective Members, and the Class Action Members occurred within the Northern District of Ohio, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

32. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

33. Plaintiff individual residing in Allen County, Ohio, and is a former employee of Defendants.

34. Plaintiff was employed as a server and bartender at Defendants' Buffalo Wings & Rings restaurant located at 1939 Roschman Ave, Lima, Ohio 45804 from 2018 until approximately June 3, 2022.

35. At all material times, Plaintiff was paid by Defendants as a tipped employee under the FLSA.

36. Defendants employed Plaintiff performed various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, cleaning, busing tables, washing dishes and other side work.

37.     At all material times, Plaintiff was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

38.     Plaintiff has given her written consent to be a Representative Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is appended hereto as Exhibit A.

39.     At all material times, Defendant Happy Cooker Restaurant, LLC was a corporation duly licensed to transact business in the State of Ohio.

40.     Defendant Happy Cooker Restaurant, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Allen County, Ohio.

41.     Defendant Happy Cooker Restaurant, LLC is Plaintiffs' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

42.     Under the FLSA, Defendant Happy Cooker Restaurant, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Happy Cooker Restaurant, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Defendant. Having acted in the interest of Happy Cooker Restaurant, LLC in relation to the company's employees, including Plaintiff, Defendant Happy Cooker Restaurant, LLC is subject to liability under the FLSA.

43.     Defendant Todd Fetter is Plaintiff's "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

44.     Under the FLSA, Defendant Todd Fetter is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation

to an employee. At all relevant times, Defendant Todd Fetter had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. Having acted in the interest of Happy Cooker Restaurant, LLC in relation to the company's employees, including Plaintiff, Defendant Todd Fetter is subject to liability under the FLSA.

45.     Defendant Audra Fetter is Plaintiff's "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

46.     Under the FLSA, Defendant Audra Fetter is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Audra Fetter had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. Having acted in the interest of Happy Cooker Restaurant, LLC in relation to the company's employees, including Plaintiff, Defendant Audra Fetter is subject to liability under the FLSA.

47.     At all material times, Defendants are Plaintiff's and the Class Members' "employer," as defined by Ohio Revised Code Ann. § 4111, *et seq.*

**DEFENDANT IS A "SINGLE ENTERPRISE" AND "SINGLE EMPLOYER"**

48.     Defendants own and operate a chain of franchised Buffalo Wings & Rings restaurants.

49.     At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform

related activities through unified operation and common control for a common business purpose; namely, the operation of a chain of Buffalo Wings & Rings restaurants.

50.     Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the aforementioned Buffalo Wings & Rings restaurants.

51.     Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

52.     Defendants runs each Buffalo Wings & Rings restaurant identically, or virtually identically, and Defendants' customers can expect the same kind of customer service regardless of the location.

53.     Defendants share employees between restaurant locations.

54.     Defendants share common management between restaurant locations. The Buffalo Wings & Rings restaurants share common human resources and payroll services.

55.     Defendants use the trade name "Buffalo Wings & Rings" at all of their restaurant locations.

56.     Defendants' restaurants are advertised on the same website.

57.     Defendants provide the same array of products and services to its customers at its Buffalo Wings & Rings restaurant locations.

58.     This chain of restaurants provides the same service product to its customers by using a set formula when conducting its business.

59.     Part of that set formula is the wage violations alleged in this complaint.

## STATEMENT OF FACTS

60.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61.     Plaintiff and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

62.     At all material times, Plaintiff and the Class Action Members, in their work for Defendants, were employed by an enterprise engaged in commerce that has annual gross volume of sales made for business in excess of $150,000, exclusive of excise taxes at the retail level which are separately stated.

63.     Defendants paid Plaintiff, the Collective Members, and the Class Action Members a sub-minimum wage, ostensibly according to the tip-credit provisions of the FLSA, which allow an employer to pay an hourly wage less than the statutory minimum wage, provided that the employer complies with the requirements of the tip-credit provisions of 29 U.S.C. § 203(m).

64.     Defendants regularly and frequently required Plaintiff, the Collective Members and the Class Action Members to perform a number of non-tipped duties *unrelated* to their tipped occupations and not directly supporting tip-producing work, including but not limited to: restocking bowls, plates, and spoons; filling and washing syrup containers; cleaning the expo counter and shelves; cleaning bill holders and refilling with comment cards and club 84 cards; sweeping server alley, including pulling out tables and coolers; taking out server alley trash; cleaning out the ice drain on dish tank; cleaning bathrooms; scrubbing toilets; cleaning bathroom sinks and mirrors; mopping bathroom floors; filling ice bins and washing the scoop; cleaning soda nozzles with a toothbrush and soaking them in hot water; cleaning drains with bleach; rinsing the mats for the soda station; detail cleaning the soda machine; restocking the straws, lids, and to-goo

cups; labeling and storing lemons; restocking cups; cleaning stainless steel shelves; refilling napkin containers; scrubbing walls; scrubbing and washing dishes; stocking to-go boxes and bags; filling condiment shelves; stocking plates and celery bowls under expo window; wiping POS screens with glass cleaner; wiping counters; cleaning to-go station walls; cleaning to-go station shelves; breaking down and cleaning tea urns and coffee pots; cleaning tea and coffee nozzles with toothbrush and soaking in hot water; filling sugar caddies; stocking tea and coffee filters; cleaning tea and coffee shelves; turning off steamwell and ice bathing soups; storing soups in walk-in; emptying and cleaning out steamwell; mopping the dining room; mopping BOH areas; and filling all sauces.

65.     Defendants paid Plaintiff, the Collective Members and the Class Action Members a sub-minimum wage for all hours that they worked for Defendants, including the periods during which Plaintiff, the Collective Members and the Class Action Members were performing non-tipped duties.

66.     Defendants regularly and frequently required Plaintiff, the Collective Members and the Class Action Members to perform a number of non-tipped duties *related* to their tipped occupation and directly supporting tip-producing work, including but not limited to: refilling salt and pepper shakers and ketchup bottles, rolling silverware, folding napkins, sweeping or vacuuming under tables in the dining area, and setting and bussing tables. Defendants required Plaintiff and the Collective Members to perform such *related* non-tipped tasks more than occasionally or part of the time. Defendant required Plaintiff, the Collective Members and the Class Action Members to perform such *related* non-tipped tasks for unreasonable amounts of time that were not contemporaneous to direct customer service duties and for amounts of time that

exceed 20 percent of Plaintiff's, the Collective Members' and the Class Action Members' time worked in one or more individual workweeks.

67.     Defendants paid Plaintiff, the Collective Members, and the Class Action Members an improper overtime rate of one and one-half times the tip credit rate as opposed to properly calculating overtime as one and one-half times the full minimum wage minus the tip credit for hours worked in excess of 40 hours in a given workweek.

68.     Defendants improperly deducted wages from Plaintiff's, the Collective Members', and the Class Action Members' paychecks and/or tips due to customer walkouts, improperly ringing up alcohol, and register shortages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

69.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70.     Plaintiff brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

71.     Plaintiff assert those claims on behalf of herself, and on behalf of all similarly situated tipped employees employed by Defendants, who were not paid all compensation required by the FLSA during the relevant time period as a result of Defendants' compensation policies and practices.

72.     Plaintiff seeks to notify the following employees of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All individuals who worked at any time during the past three years at any restaurant owned or operated by Defendants in the job position of server and/or bartender and who were paid for their work on an hourly basis according to the tip credit provisions of the FLSA, (*i.e.* an hourly rate less than the applicable minimum wage, excluding tips).**

73.     The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255. As alleged above, Plaintiff and similarly situated employees' claims arise out of Defendants' willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all tipped employees employed by Defendants within three years from the filing of this Complaint.

74.     Upon information and belief, Defendants have employed hundreds of tipped employees during the period relevant to this action.

75.     The identities of these employees, as a group, are known only to Defendants. Because the numerous members of this collective action are unknown to Plaintiff, joinder of each member is not practicable.

76.     Because these similarly situated tipped employees are readily identifiable by Defendants and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

77.     Collective adjudication is appropriate in this case because the tipped employees whom Plaintiff wishes to notify of this action have been employed in positions similar to Plaintiff; have performed work similar to Plaintiff; and have been subject to compensation practices similar to those to which Plaintiff has been subjected, including unlawful payment of sub-minimum wages for non-tipped work and unlawful application of the FLSA's tip credit provisions.

## OHIO CLASS ACTION ALLEGATIONS

78.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

79.     Plaintiff brings her Ohio wage claims as a Rule 23 class action on behalf of the following Class Action Members:

> **The Class Action Members are all of Defendants' current and former servers and/or bartenders who worked in Ohio and were paid an hourly rate of less than the Ohio minimum wage on account of their receiving tips, starting <u>three years before this lawsuit was filed up to the present</u>.**

80.     <u>Numerosity</u>.   The number of Class Action Members is believed to be over one hundred.   This volume makes bringing the claims of each individual Class Action Member before this Court impracticable.   Likewise, joining each individual Class Action Member as a plaintiff in this action is impracticable.   Furthermore, the identity of the Class Action Members will be determined from Defendant's records, as will the compensation paid to each of them.   As such, a class action is a reasonable and practical means of resolving these claims.   To require individual actions would prejudice the Class Action Members and Defendant.

81.     <u>Typicality</u>.   Plaintiff's claims are typical of the Class Action Members because like the Class Action Members, Plaintiff was subject to Defendants' uniform policies and practices and was compensated in the same manner as the other Class Action Members.   Defendants regularly failed to compensate Plaintiff and the Class Action Members the proper overtime rate. This was done by paying an overtime rate of one and one-half times the tipped minimum wage, rather than multiplying the full applicable minimum wage by one and one-half times and then subtracting the tip credit. In addition, Defendants subjected Plaintiff and the Class Action Members to their policy and practice of making deductions from Plaintiff and the Collective Members' paychecks and/or tips as a result of customer walkouts, improperly ringing up alcohol, and register shortages. As a result, Defendant failed to pay Plaintiffs and the Class Action Members both minimum wage and overtime for hours worked.

82.     As a result of such policy and practice by Defendant, Defendant violated the minimum and overtime wage provisions of Ohio Revised Code. § 4111.01.

83.     <u>Adequacy</u>.  Plaintiff is a representative party who will fairly and adequately protect the interests of the Class Action Members because it is in her interest to effectively prosecute the claims in this Complaint in order to obtain the unpaid wages and penalties required under Ohio law.  Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiff does not have any interest that may be contrary to or in conflict with the claims of the Class Action Members she seeks to represent.

84.     <u>Commonality</u>. Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

a.     Whether Defendants failed to pay Plaintiff and the Class Action Members the minimum wage for all hours worked;

b.     Whether Defendants made improper deductions from Plaintiff and the Class Action Members paychecks and/or tips for customer walkouts, improperly ringing up alcohol, and register shorages.

85. Common issues of law include, but are not limited to:

a.     Whether Defendants properly paid all minimum wages due and owing to Plaintiff and the Class Action Members;

b.     Whether Defendants properly paid all overtime wages due and owing to Plaintiff and the Class Action Members;

c.     Whether Defendants were entitled to impose a tip credit on the wages of Plaintiff and the Class Action Members;

d. Whether Plaintiff and the Class Action Members are entitled to compensatory damages;

e. The proper measure of damages sustained by Plaintiff and the Class Action Members; and

f. Whether Defendants' actions were "willful."

86. Superiority. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any of the Class Action Members could afford to pursue individual litigation against companies the size of Defendant, doing so would unduly burden the system. Individual litigation would magnify the delay and expense to all parties and burden the court system with duplicative lawsuits. Prosecution of separate actions by individual Class Action Members would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

87. A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court and Judge. By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. The identities of the Class Action Members are readily identifiable from Defendant's records.

88. This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; (2) the burden is on Defendants to prove it properly compensated its employees; (3) the burden is on Defendants to accurately record hours worked by employees; and (4) the burden is on Defendants to prove it properly imposed the tip credit upon its employees.

89. Ultimately, a class action is a superior forum to resolve the Ohio state law claims set forth in this Complaint because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiff and the Class Action Members according to applicable Ohio laws.

## COUNT ONE: REQUIRED LABOR WHICH DOES NOT PROVIDE SERVICE TO CUSTOMERS AND IS NOT IN DIRECT SUPPORT OF TIP PRODUCING WORK UNDER THE FLSA

90. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

91. Defendants failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq.,29 C.F.R. § 531.56(e), and relevant case law by requiring Plaintiff and the Collective Members in a given workweek, and during each and every workweek Plaintiff and the Collective Members were employed by Defendants, to perform non-tipped labor *unrelated* to their tipped occupations and not in direct support of tip-producing work, including but not limited to: restocking bowls, plates, and spoons; filling and washing syrup containers; cleaning the expo counter and shelves; cleaning bill holders and refilling with comment cards and club 84 cards; sweeping server alley, including pulling out tables and coolers; taking out server alley trash; cleaning out the ice drain on dish tank; cleaning bathrooms; scrubbing toilets; cleaning bathroom sinks and mirrors; mopping bathroom floors; filling ice bins and washing the scoop; cleaning soda nozzles with a toothbrush and soaking them in hot water; cleaning drains with bleach; rinsing the mats for the soda station; detail cleaning the soda machine; restocking the straws, lids, and to-goo cups; labeling and storing lemons; restocking cups; cleaning stainless steel shelves; refilling napkin containers; scrubbing walls; scrubbing and washing dishes; stocking to-go boxes and bags; filling condiment shelves; stocking plates and celery bowls under expo window; wiping POS

screens with glass cleaner; wiping counters; cleaning to-go station walls; cleaning to-go station shelves; breaking down and cleaning tea urns and coffee pots; cleaning tea and coffee nozzles with toothbrush and soaking in hot water; filling sugar caddies; stocking tea and coffee filters; cleaning tea and coffee shelves; turning off steamwell and ice bathing soups; storing soups in walk-in; emptying and cleaning out steamwell; mopping the dining room; mopping BOH areas; and filling all sauces.

92. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Members the full applicable minimum wage, without applying the tip credit, for time spent performing labor unrelated to their tipped occupation, would violate federal law and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

93. Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Carolyn Tracz, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TWO: EXCESSIVE REQUIRED LABOR IN DIRECT SUPPORT OF TIP-PRODUCING WORK IN VIOLATION OF THE FLSA

94. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

95. Defendants failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq.,29 C.F.R. § 531.56(e), and relevant case law by requiring Plaintiff and the Collective Members in a given workweek, and during each and every workweek Plaintiff and the Collective Members were employed by Defendants, to perform non-tipped labor **related** to or in direct support of their tip-producing work more than "part of the time" or occasionally. Plaintiff and the Collective members performed such **related** non-tipped labor for unreasonable amounts of time that we not contemporaneous to their direct customer service duties and in excess of twenty percent (20%) of their regular workweek, while paying Plaintiff and the Collective Members at the tip credit rate. Examples of such non-tipped labor **related** to their tipped occupation of servers include, but are not limited to, refilling salt and pepper shakers and ketchup bottles, rolling silverware, folding napkins, sweeping or vacuuming under tables in the dining area, and setting and bussing tables.

96. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Members the full applicable minimum wage, without applying the tip credit, for time spent performing such amounts of non-tipped labor related to their tipped occupation, would violate federal law and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

97. Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Carolyn Tracz, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT THREE: IMPROPER FLSA OVERTIME RATE

98.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

99.     Plaintiff and the Collective Members were non-exempt employees entitled to the statutorily mandated overtime wages.

100.     Defendants paid Plaintiff and the Collective Members an improper overtime rate of one and one-half times the tip credit rate as opposed to properly paying overtime at one and one-half times the full minimum wage minus the tip credit.

101.     As a result of Defendants' willful failure to pay Plaintiff and the Collective Members one and one-half times the applicable regular rate for all hours worked in excess of 40 per week, Defendants did not pay Plaintiff and the Collective Members the applicable overtime rate for all hours worked for the duration of their employment, in violation of 29 U.S.C. § 207.

102.     As a result of Defendants' willful failure to compensate Plaintiff and the Collective the applicable overtime rate for all hours worked, Defendants violated the FLSA.

103.     As such, the full applicable overtime rate is owed for all hours that Plaintiff and the Collective Members worked in excess of 40 hours per week.

104.     Defendants knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff and the Collective Members the proper overtime rate would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment with Defendant. As such, Defendants' conduct constitutes a willful violation of the FLSA.

**WHEREFORE**, Plaintiff, Carolyn Tracz, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendants for compensation for unpaid overtime wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

<u>**COUNT FOUR: IMPROPER DEDUCTIONS**</u>

105.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

106.     Plaintiff and the Collective Members were non-exempt employees entitled to the applicable minimum wage.

107.     Defendants subjected Plaintiff and the Collective Members to their policy and practice of making deductions from Plaintiff and the Collective Members' paychecks and/or tips as a result of customer walkouts, improperly ringing up alcohol, and register shortages.

108.     Such deductions resulted in Plaintiff and the Collective Members' pay falling below the applicable statutory minimum.

109.     As a result of Defendants' making such improper deductions from Plaintiff and the Collective Members' paychecks, tips, and/or other remuneration, Defendants did not compensate

Plaintiff and the Collective Members at least the statutory minimum wage, in violation the FLSA, 29 U.S.C. § 206(a).

110. As a result of Defendants' willful failure to compensate Plaintiff and the Collective the applicable minimum wage for all hours worked, Defendants violated the FLSA.

111. As such, the full applicable minimum wage is owed for all hours that Plaintiff and the Collective Members worked for Defendants.

112. Defendants knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff and the Collective Members the proper minimum wage would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment with Defendant. As such, Defendants' conduct constitutes a willful violation of the FLSA.

**WHEREFORE**, Plaintiff, Carolyn Tracz, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendants for compensation for unpaid wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT FIVE: REQUIRED WORK WHICH DOES NOT PROVIDE SERVICE TO CUSTOMERS AND IS NOT IN DIRECT SUPPORT OF TIP-PRODUCING WORK IN VIOLATION OF OHIO LAW

113. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

114. Plaintiff and the Class Action Members were non-exempt employees entitled to statutorily mandated minimum and overtime wages.

115.    Courts have uniformly held that Ohio's wage and hour law should be interpreted in accordance with the FLSA. (*See Douglas v. Argo-Tech Corp.*, 113 F.3d 67 n. 2 (6th Cir.1997) (noting that Ohio's wage and hour law "parallels the FLSA" and approaching the Ohio law and the FLSA in a "unitary fashion" is appropriate). *See also Williams v. Bob Evans Rests., LLC,* Case No. 2:18-cv-01353, 2020 U.S. Dist. LEXIS 145852 *37-48 (W.D. Pa. Aug. 13, 2020) (holding that Ohio law recognizes the same tip credit restrictions as does the FLSA.).

116.    Defendants violated Ohio law by requiring Plaintiff and the Class Action Members in a given workweek, and during each and every workweek Plaintiff and the Class Action Members were employed by Defendants, to perform non-tipped labor ***unrelated*** to their tipped occupations and not in direct support of tip-producing work, including but not limited to: restocking bowls, plates, and spoons; filling and washing syrup containers; cleaning the expo counter and shelves; cleaning bill holders and refilling with comment cards and club 84 cards; sweeping server alley, including pulling out tables and coolers; taking out server alley trash; cleaning out the ice drain on dish tank; cleaning bathrooms; scrubbing toilets; cleaning bathroom sinks and mirrors; mopping bathroom floors; filling ice bins and washing the scoop; cleaning soda nozzles with a toothbrush and soaking them in hot water; cleaning drains with bleach; rinsing the mats for the soda station; detail cleaning the soda machine; restocking the straws, lids, and to-goo cups; labeling and storing lemons; restocking cups; cleaning stainless steel shelves; refilling napkin containers; scrubbing walls; scrubbing and washing dishes; stocking to-go boxes and bags; filling condiment shelves; stocking plates and celery bowls under expo window; wiping POS screens with glass cleaner; wiping counters; cleaning to-go station walls; cleaning to-go station shelves; breaking down and cleaning tea urns and coffee pots; cleaning tea and coffee nozzles with

toothbrush and soaking in hot water; filling sugar caddies; stocking tea and coffee filters; cleaning tea and coffee shelves; turning off steamwell and ice bathing soups; storing soups in walk-in; emptying and cleaning out steamwell; mopping the dining room; mopping BOH areas; and filling all sauces.

117.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Class Action Members the full applicable minimum wage, without applying the tip credit, for time spent performing labor unrelated to their tipped occupation, would violate federal law and Defendants were aware of the Ohio's minimum wage and overtime requirements during Plaintiff's and the Class Action Members' employment. As such, Defendants' conduct constitutes a willful violation of Ohio law.

118.    Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional amount wequal to two-times all such unpaid wages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Carolyn Tracz, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Class Action Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT SIX: EXCESSIVE REQUIRED LABOR IN DIRECT SUPPORT OF TIP-PRODUCING WORK IN VIOLATION OF OHIO LAW

119.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

120.    Plaintiff and the Class Action members were non-exempt employees entitled to the statutorily mandated minimum and overtime wages.

121.    Courts have uniformly held that Ohio's wage and hour law should be interpreted in accordance with the FLSA. (*See Douglas v. Argo-Tech Corp.*, 113 F.3d 67 n. 2 (6th Cir.1997) (noting that Ohio's wage and hour law "parallels the FLSA" and approaching the Ohio law and the FLSA in a "unitary fashion" is appropriate). *See also Williams v. Bob Evans Rests., LLC,* Case No. 2:18-cv-01353, 2020 U.S. Dist. LEXIS 145852 *37-48 (W.D. Pa. Aug. 13, 2020) (holding that Ohio law recognizes the same tip credit restrictions as does the FLSA.).

122.    Defendants violated Ohio law by requiring Plaintiff and the Class Action Members in a given workweek, and during each and every workweek Plaintiff and the Class Action Members were employed by Defendants, to perform non-tipped labor ***related*** to or in direct support of their tip-producing work more than "part of the time" or occasionally. Plaintiff and the Class Action Members performed such ***related*** non-tipped labor for unreasonable amounts of time that we not contemporaneous to their direct customer service duties and in excess of twenty percent (20%) of their regular workweek, while paying Plaintiff and the Class Action Members at the tip credit rate. Examples of such non-tipped labor ***related*** to their tipped occupation of servers include, but are not limited to, refilling salt and pepper shakers and ketchup bottles, rolling silverware, folding napkins, sweeping or vacuuming under tables in the dining area, and setting and bussing tables.

123.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Class Action Members the full applicable minimum wage, without applying the tip credit, for time spent performing such amounts of non-tipped labor related to their tipped

occupation, would violate Ohio law and Defendants were aware of Ohio's minimum wage and overtime requirements during Plaintiff's and the Class Members' employment. As such, Defendants' conduct constitutes a willful violation of the Ohio law.

124.   Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to two-times all such unpaid wages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Carolyn Tracz, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Class Action Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

<u>**COUNT SEVEN: IMPROPER OHIO OVERTIME RATE**</u>

125.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

126.   Plaintiff and the Class Action Members were non-exempt employees entitled to the statutorily mandated overtime wages.

127.   Courts have uniformly held that Ohio's wage and hour law should be interpreted in accordance with the FLSA. (*See Douglas v. Argo-Tech Corp.*, 113 F.3d 67 n. 2 (6th Cir.1997) (noting that Ohio's wage and hour law "parallels the FLSA" and approaching the Ohio law and the FLSA in a "unitary fashion" is appropriate). *See also Williams v. Bob Evans Rests., LLC,* Case No. 2:18-cv-01353, 2020 U.S. Dist. LEXIS

145852 *37-48 (W.D. Pa. Aug. 13, 2020) (holding that Ohio law recognizes the same tip credit restrictions as does the FLSA.).

128.    Ohio law prohibits employers from paying employees at one and one-half times the tip-credit rate for hours worked in excess of forty hours in any given workweek. Instead, Ohio law requires that tipped employees be paid at a rate of one and one-half times the full minimum wage, less the applicable tip-credit, for all hours worked in excess of forty hours worked in any given workweek. As such, Ohio law requires that tipped employees be paid at a rate of one and one-half times the full minimum wage, less the applicable tip-credit, for all hours worked in excess of forty hours worked in any given workweek.

129.    Defendants paid Plaintiff and the Class Action Members an improper overtime rate of one and one-half times the tip credit rate as opposed to properly paying overtime at one and one-half times the full minimum wage minus the tip credit.

130.    As a result of Defendants' willful failure to pay Plaintiff and the Class Action Members one and one-half times the applicable regular rate for all hours worked in excess of 40 per week, Defendants did not pay Plaintiff and the Class Action Members the applicable overtime rate for all hours worked for the duration of their employment, in violation of Ohio Revised Code § 4111.03 and Article II § 34a of the Ohio Constitution.

131.    As such, the full applicable overtime rate is owed for all hours that Plaintiffs and the Class Action Members worked in excess of 40 hours per week.

**WHEREFORE**, Plaintiff, Carolyn Tracz, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Class Action Members' favor, and against Defendants for compensation for unpaid minimum and overtime wages, plus an additional equal to two times all unpaid minimum and overtime wages,

prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

**COUNT EIGHT: IMPROPER DEDUCTIONS**

132.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

133.    Plaintiff and the Class Action Members were non-exempt employees entitled to the applicable minimum wage.

134.    Defendants subjected Plaintiff and the Class Action Members to their policy and practice of making deductions from Plaintiff and the Class Action Members' paychecks and/or tips as a result of customer walkouts, improperly ringing up alcohol, and register shortages.

135.    Such deductions resulted in Plaintiff and the Class Action Members' pay falling below the applicable statutory minimum.

136.    As a result of Defendants' making such improper deductions from Plaintiff and the Class Action Members' paychecks, tips, and/or other remuneration, Defendants did not compensate Plaintiff and the Class Action Members at least the statutory minimum wage, in violation the Ohio Revised Code § 4111.01 and Article II § 34a of the Ohio Constitution.

137.    As a result of Defendants' willful failure to compensate Plaintiff and the Class Action Members the applicable minimum wage for all hours worked, Defendants violated Ohio law.

138.    As such, the full applicable minimum wage is owed for all hours that Plaintiff and the Class Action Members worked for Defendants.

139.    Defendants knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff and the Class Action Members the proper minimum wage would violate state law,

and Defendants were aware of the Ohio's minimum wage requirements during Plaintiff's and the Class Action Members' employment with Defendant. As such, Defendants' conduct constitutes a willful violation of Ohio law.

WHEREFORE, Plaintiff, Carolyn Tracz, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendants for compensation for unpaid wages, plus an additional amount equal to two-times all such unpaid wages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.


RESPECTFULLY SUBMITTED this April 28, 2023.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
Christopher J. Bendau (*pro hac vice pending*)
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Telephone OH: (216) 395-4226
Email: cliffordbendau@bendaulaw.com

SIMON LAW CO.

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
5000 Rockside Road
Liberty Plaza Building – Suite 520
Independence, OH 44131
Telephone: (216) 816-8696
Email: james@simonsayspay.com