# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Carolyn Tracz, <br> On behalf of herself and those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Happy Cooker Restaurant, LLC, *et al.*, <br><br> Defendants. | CASE NO. 3:23-cv-00885-JRK <br><br> Judge James R. Knepp, II <br><br> Magistrate Judge Darrell A. Clay <br><br> **JOINT MOTION FOR ORDER AND JUDGMENT ENTRY APPROVING SETTLEMENT AND DISMISSING ACTION WITH PREJUDICE** |

\* \* \*

Plaintiff Carolyn Tracz ("Plaintiff") and Defendants Happy Cooker Restaurant, LLC, Audra Fetter, and Todd Fetter (collectively, "Defendants") (together, Plaintiff and Defendants are referred to as "the Parties"), by and through their undersigned counsel, respectfully move this Court for an Order approving their Fair Labor Standards Act ("FLSA") Settlement as fair and reasonable. In support of their Motion, the Parties submit the following documents for the Court's approval:

**Exhibit A**: Confidential Settlement Agreement and Release (the "Settlement Agreement" or "Settlement");

**Exhibit B**: Declaration of James L. Simon ("Simon Decl."); and,

**Exhibit C**: Proposed Order Granting Approval of FLSA Settlement.

**MEMORANDUM IN SUPPORT**

I. **INTRODUCTION**

Having now entered into a Confidential Settlement Agreement and Release (the "Settlement Agreement" or "Settlement") as to all claims pending in the litigation, including Plaintiff's overtime and minimum wage claims brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.01, *et seq.*, the Parties ask this Court to approve the terms reflected in the Settlement Agreement and dismiss the case with prejudice while retaining jurisdiction to enforce the Settlement. The Parties agree that the terms of the Settlement represent a fair, adequate and reasonable compromise of the claims at issue.

II. **FACTUAL AND PROCEDURAL BACKGROUND**

On April 28, 2023, Plaintiff filed this action, on behalf of herself and others similarly situated, asserting claims against Defendants under the FLSA and the OMFWSA. Specifically, Plaintiff alleged that Defendants violated the FLSA and the OMFWSA by failing to pay overtime compensation for all hours worked in excess of forty in a workweek and by paying tipped employees sub-minimum "tip credit" hourly rates of pay while requiring them to (1) perform non-tipped work that was unrelated to their tipped jobs; (2) perform excessive amounts of otherwise related non-tipped work; and (3) pay for customer walk-outs, register shortages, etc. out of their tips. Defendants filed their Answer to Plaintiff's Complaint on June 9, 2023 and denied all liability. The Fetters further denied that they had ever employed Plaintiff.

The Parties participated in a Case Management Conference with the Court on July 25, 2023, at which time the Parties expressed their interest in participating in a settlement conference prior to assessing whether to proceed conditional certification. A settlement conference was

scheduled for October 12, 2023 and, by joint motion of the Parties, subsequently continued to January 24, 2024.

Following the Case Management Conference, the Parties engaged in limited discovery, including the production of relevant employment data and payroll records, with the intention of discussing the potential resolution of this matter. Thereafter, the Parties, through their counsel, engaged in arms-length settlement negotiations over the following months, which ultimately resulted in the Settlement, the terms of which are contained in the fully executed Agreement attached hereto as Exhibit A. All Parties have signed the Agreement.

## III. LAW AND ARGUMENT

### A. The Settlement Is A Fair And Reasonable Resolution Of A Bona Fide Dispute.

A court presiding over an FLSA action may approve a proposed settlement of the action under § 216(b) "after scrutinizing the settlement for fairness[.]" *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The court must specifically decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Landsberg v. Acton Enterprises, Inc.*, No. C2-05-500, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (Sargus, Jr., C.J.).

Here, the settlement reflects a reasonable compromise of disputed issues. The issues in this case were in dispute and settlement was achieved with an understanding of the disputed claims. The settlement was reached in an adversarial context in which Plaintiff was represented by counsel and the totality of the settlement is fair and reasonable. The settlement in this case was reached in an adversarial proceeding, through arm's length negotiations between capable attorneys who have the necessary experience to protect the rights of the Parties in this matter.

Further, the Parties well understand that litigation is an inherently risky process and the likelihood of success for either party is virtually unknown. Even if Plaintiff ultimately prevailed on the issue of liability, she would need to prove the amount of damages suffered. Although Defendants deny that Plaintiff performed any non-tipped duties or excessive related tipped duties as a tipped employee at Happy Cooker, they maintain that even if she did, Plaintiff would have the burden of establishing how much time she spent on such duties. Because the time allegedly spent on such duties would likely vary by the shift, Plaintiff would have to prove her damages on a day-by-day basis, which would be extremely burdensome and potentially difficult to do based on the available evidence. Based on these considerations, the Settlement is a fair and reasonable resolution of the claims asserted in this case.

Moreover, the settlement in this case is fair because it is based upon an individual analysis of Plaintiff's payroll and timekeeping records. Pursuant to the Settlement Agreement, Plaintiff will receive $5,000.00, which exceeds the value of her claim for unpaid overtime compensation and represents a compromise of her minimum wage claims, in response to which Defendants have asserted affirmative defenses. Therefore, when balancing the risks associated with proceeding to trial with the benefits Plaintiff will receive through this Settlement, it is a fair and reasonable compromise of disputed and complicated issues.

Lastly, both Plaintiff and her counsel approve the terms of the Settlement. Plaintiff's counsel has comprehensive knowledge of the facts and legal issues relating to the respective claims and defenses and has ample evidence on which to base an informed assessment of the proposed Settlement.[1] Plaintiff's counsel believe the Settlement is fair and reasonable,[2] which further supports approval of the Settlement. Courts should generally "defer to the judgment of

---

[1] (Simon Decl. at ¶¶ 6-8.)
[2] (Simon Decl. at ¶ 10.)

experienced counsel who [have] competently evaluated the strength of [their] proofs," *Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983), especially when the case has been developed through discovery. *See In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 375 (S.D. Ohio 2006). In light of the foregoing, the Court should approve the Parties' proposed Settlement of this Lawsuit.

     **B.    The Attorneys' Fees And Expenses To Plaintiff's Counsel Are Proper And Reasonable.**

As part of its fairness determination, the Court must also determine that the proposed attorneys' fees are reasonable. The FLSA has a fee-shifting provision that provides that the prevailing party shall recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b) (a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."); *see also* R.C. § 4111.10(A) (liability includes paying "costs and reasonable attorney's fees as may be allowed by the court"). Indeed, "[a]n award of attorneys' fees under the FLSA is *mandatory*, with the amount of fees within the discretion of the court." *Cruz v. Vel-A-Da, Inc*. Case No. 3:90CV7087, 1993 WL 659253, *3 (N.D. Ohio May 14, 1993) (*citing United Slate, Tile & Composition v. G & M Roofing,* 732 F.2d 495, 501 (6th Cir.1984)).

The federal courts have long recognized the profound importance of a plaintiff's right to recover attorneys' fees under the FLSA. *See, e.g., Shelton v. Ervin,* 830 F.2d 182, 184 (11th Cir. 1987) (FLSA's fee recovery provision, 29 U.S.C. § 216(b), is not collateral to the merits of an FLSA lawsuit but, rather, is an "integral part of the merits of FLSA cases and part of the relief sought therein."). There is no numeric relationship required between the amount of economic losses recovered and the amount of fees recoverable. Congress has determined that it is important for FLSA rights to be enforced, and that reasonable attorney fees must be awarded to provide for

5

such enforcement, particularly where the victims of FLSA violations are often low-wage workers whose per-person damages may not be significant. *See, e.g., Fegley v. Higgins,* 19 F.3d 1126, 1134-43 (6th Cir. 1994) (FLSA fee award "encourages the vindication of congressionally identified policies and rights"). Thus, it is not uncommon for fee awards to exceed the amount recovered by plaintiffs in lost wages. *See City of Riverside v. Rivera,* 477 U.S. 561, 574, 578 (1986) (no rule of proportionality in cases awarding fees under § 1988, in order to ensure lawyers are available to represent persons with legitimate claims). This principle has been applied in many cases in the FLSA context. *See, e.g., Fegley*, 19 F.3d at 1134-35 (6th Cir. 1994) (upholding award of $40,000 in fees even though plaintiff recovered only $7,680 in damages); *Holland v. New Method Packaging, LLC, et al*, No. 3:16-cv-00309-TMR-MJN, Doc. #23 (S.D. Ohio 2017) (Rose, J.) (approving settlement payment of $13,395.97 to the named plaintiff and $19,000 for attorneys' fees and costs); *Pellegrini v. Tower 10, LLC, et al*, No. 2:16-cv-00293-JLG-TPK, Doc. #31 and 32 (S.D. Ohio 2017) (Graham, J.) (approving settlement of $2,000 to the named plaintiff and $11,500 for attorneys' fees and costs); *Jasper, et al v. Home Health Connection, Inc.*, No. 2:16-cv-00125-EAS-EPD (S.D. Ohio 2016) (Sargus, J.) (approving $35,000 to named plaintiffs and class and $63,000 for attorneys' fees and costs).[3]

---

[3] *See also Fox v. Tyson Foods, Inc.*, No. 4:99-CV-1612-VEH, Doc. 819 (N.D. Ala. Feb. 17, 2009) (in an FLSA case in which three individual donning and doffing claims were tried, the plaintiffs collectively recovered $4,937.20 in wages but were awarded $765,618.10 in attorneys' fees based the attorney's lodestar hourly rates); *Howe v. Hoffman-Curtis Partners Ltd.* 215 Fed. Appx. 341, 342 (5th Cir. Jan. 30, 2007) ("Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples."); *Cox v. Brookshire Grocery Co.,* 919 F.2d 354, 358 (5th Cir. 1990) (upholding award of $9,250 in attorney's fees even though Plaintiff recovered only $1,698.00); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming award of $100,000 in attorney's fees for a recovery of $20,000); *Albers v. Tri-State Implement, Inc.*, 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010) (awarding $43,797 in fees even though plaintiffs' combined damages totaled only $2,137.97); *King v. My Online Neighborhood, Inc.*, 2007 U.S. Dist. LEXIS 16135 (M.D. Fla. Feb. 20, 2007) (approving a settlement for $4,500 in unpaid wages and $10,500 in attorney's fees); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 955-56 (E.D. Wis. 2003) (awarding $36,204.88 in fees even though plaintiff's damages totaled only $3,540.00); *Griffin v. Leaseway Deliveries, Inc.,* 1992 U.S. Dist. LEXIS 20203 (E.D. Pa. Dec. 31, 1992) (awarding attorney's fees of $33,631.00 for a plaintiff's award of $17,467.20); *Holyfield v. F.P. Quinn & Co.,* 1991 U.S. Dist. LEXIS 5293, *1 (N.D. Ill. Apr. 22, 1991) (awarding $6,922.25 in attorney's fees for a judgment in the amount of $921.50).

As set forth above, Defendants have agreed after lengthy negotiations to pay a reasonable amount to Plaintiff's counsel for their fees, based on a lodestar figure for work performed on behalf of Plaintiff, and costs as provided in the Settlement Agreement submitted to the Court. To date, Plaintiff's counsel has incurred $687.00 in expenses related to the Lawsuit.[4] Plaintiff's counsel estimates that its fees through the approval of this matter will be $25,127.50.[5] However, to ensure Plaintiff receives a fair amount from the Settlement, Plaintiff's counsel are willing to cut those fees and costs substantially – down from $25,814.50 to $20,500.00 – to settle this case.[6] Based on all relevant factors, the proposed payment of attorneys' fees and cost reimbursements to Plaintiff's counsel is proper and reasonable and fulfills the purpose and intent of the FLSA's fees provision.

## IV. CONCLUSION

In light of the foregoing, the Parties request that this Court: (1) enter the proposed Order of Final Approval of Settlement; (2) approve Plaintiff's counsel's request for attorneys' fees, costs, and expenses; (3) dismiss the action with prejudice; and (4) retain jurisdiction to enforce the Settlement.

A proposed Order is lodged herewith.

Respectfully submitted,

| | |
|---|---|
| /s/ *James L. Simon* | /s/ *Katherine S. Decker (via email auth.)* |
| James L. Simon (0089483) | Katherine S. Decker (0085600) |
| SIMON LAW CO. | Mark D. Wagoner (0068577) |
| 5000 Rockside Road | SHUMAKER, LOOP & KENDRICK, LLP |
| Liberty Plaza Building – Suite 520 | 1000 Jackson Street |
| Independence, Ohio 44131 | Toledo, Ohio 43604-5573 |
| Telephone: (216) 816-8696 | Telephone: (419) 241-9000 |
| Email: james@simonsayspay.com | Facsimile: (419) 241-6894 |
| | Email: kdecker@shumaker.com |
| | mwagoner@shumaker.com |

---

[4] (Simon Decl. at ¶ 15.)
[5] (Simon Decl. at ¶ 14.)
[6] (Simon Decl. at ¶ 14.)

BENDAU & BENDAU PLLC               *Counsel for Defendants*

/s/ Clifford P. Bendau, II
Clifford P. Bendau, II (OH No. 0089601)
Christopher J. Bendau (pro hac vice pending)
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Telephone OH: (216) 395-4226
Email: cliffordbendau@bendaulaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that on this 25th day of January, 2024 a copy of the foregoing was electronically filed and served through the Court's ECF System. All parties may access a copy of this document through the Court's system.

/s/ *James L. Simon*
James L. Simon (0089483)
SIMON LAW CO.

*An Attorney for Plaintiff*